# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JUDICIAL WATCH, INC.,
    Plaintiff,
v.

U.S. DEPARTMENT OF STATE,
    Defendant.

Civil Action No. 15-646 (CKK)

## MEMORANDUM OPINION
(January 11, 2018)

This case under the Freedom of Information Act ("FOIA") concerns Plaintiff Judicial Watch, Inc.'s request to Defendant U.S. Department of State for the disclosure of (1) "[a]ny and all records of requests by former Secretary of State Hillary Rodham Clinton or her staff to the State Department Office of Security Technology seeking approval for the use of an iPad or iPhone for official government business," and (2) "[a]ny and all communications within or between the Office of the Secretary of State, the Executive Secretariat, and the Office of the Secretary and the Office of Security Technology concerning, regarding, or related to the use of unauthorized electronic devices for official government business," in each instance between January 1, 2009, and January 31, 2013. Compl., ECF No. 1, ¶ 5.

In the Court's Order of September 21, 2017, the Court granted Plaintiff's [29] Motion for Summary Judgment "solely to the extent it seeks *in camera* review" of portions of certain documents withheld by Defendant pursuant to the deliberative process privilege available under FOIA Exemption 5. Order, ECF No. 33 ("Order"), at 1, 3. In addition, "[t]o the extent Defendant continues to decline [Plaintiff's request] to search the additional materials allegedly recovered [by the Federal Bureau of Investigation ("FBI")] in October 2016," the Court also ordered Defendant

1

to submit an affidavit describing the agency's control over those documents. *Id.* at 3-4. The Court otherwise denied the parties' [25] and [29] cross-motions for summary judgment. *Id.* at 3.

In response to the Order, Defendant has submitted under seal and *ex parte* the thirteen documents requested for *in camera* review,[1] as well as a declaration addressing agency control over the additional materials. *See* Def.'s Notice of Submission of Docs. for *In Camera* Review, ECF No. 34; Def.'s Notice of Filing of Decl., ECF No. 35. The Court permitted the parties to renew their cross-motions for summary judgment, and to submit additional briefing if they so desired. Order at 4. Neither party has done so. Nevertheless, the Court shall proceed with its determination under the summary judgment standard.

## I. LEGAL STANDARD

### A. Summary Judgment

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and [that it] . . . is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under this standard, the moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). "[T]he Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." L. Civ.

---

[1] The document numbers are as follows: C05838711, C05838715, C05838716, C05838718, C05838724, C05838732, C05891089, C05891096, C05891104, C05891119, C05891125, C05891126, and C05891139. Order at 1; Pl.'s Mem. of P&A in Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pl.'s Cross-Mot. for Summ. J., ECF No. 28, at 5-6.

R. 7(h). The mere existence of some factual dispute is insufficient on its own to bar summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to the relevant facts; the dispute must be "genuine," meaning that there must be sufficient admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with "all justifiable inferences . . . drawn in [its] favor. *Id.* at 255. "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available." *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir. 2009) (quoting *Kuo-Yun Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994)). In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 251-52. In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50.

### B. FOIA Exemptions in Summary Judgment Context

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361 (1976).

Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed by release of certain types of information." *FBI v. Abramson,* 456 U.S. 615, 621 (1982). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions." *Milner v. Dep't of Navy*, 562 U.S. 562, 564 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the Act." *Rose*, 425 U.S. at 361. For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner*, 562 U.S. at 565 (citations and internal quotation marks omitted).

Ordinarily, when presented with a motion for summary judgment in this context, the district court would conduct a "de novo" review of the record, which requires the court to "ascertain whether the agency has sustained its burden of demonstrating the documents requested . . . are exempt from disclosure under the FOIA." *Multi Ag Media LLC v. U.S. Dep't of Agric.*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (omission in original) (internal quotation marks omitted). The burden would be on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B) (2016).

Where the agency has met its burden, or the threshold applicability of an exemption is not contested, an exception to the exemption may still apply. The Court shall assess below whether a government misconduct exception to FOIA Exemption 5 is available in this circuit. In the event that it is, "[t]he party seeking release of withheld documents under this exception must 'provide an adequate basis for believing that [the documents] would shed light upon government misconduct.'" *Nat'l Whistleblower Ctr. v. Dep't of Health & Human Servs.*, 903 F. Supp. 2d 59, 67 (D.D.C. 2012) (second alteration in original) (quoting *Judicial Watch of Florida, Inc. v. U.S. Dep't of Justice*, 102 F. Supp. 2d 6, 15 (D.D.C. 2000)).

## II. DISCUSSION

### A. Government Misconduct Exception

In this case, the Court need not assess the applicability of FOIA Exemption 5 because it is uncontested. Rather, the Court shall evaluate whether a "government misconduct" exception to FOIA Exemption 5 applies to the documents that Defendant has withheld. *See* Order at 1-2 ("Plaintiff does not contest that the redacted portions are deliberative and pre-decisional—the factors that determine whether the deliberative process privilege applies—but contends that the privilege is vitiated by the 'government misconduct' exception." (citation omitted)).

It is not clear in this circuit whether a government misconduct exception may properly be invoked in a FOIA case. *See, e.g.*, *id.* at 2 (ordering *in camera* review to assess this exception, "assuming such an exception exists at all"). During briefing on the cross-motions for summary judgment, Plaintiff cited a decision of the U.S. Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") for the broad proposition that such an exception applies "[w]here there is reason to believe the documents sought may shed light on government misconduct . . . on the grounds that shielding internal government deliberations in this context does not serve the public's interest in honest, effective government." Pl.'s Mem. of P&A in Opp'n to Def.'s Mot. for Summ. J. and in Supp. of Pl.'s Cross-Mot. for Summ. J., ECF No. 28 ("Pl.'s Mem."), at 7 (quoting *In re Sealed Case*, 121 F.3d 729, 738 (D.C. Cir. 1997) (internal quotation marks omitted)). Yet *In re Sealed Case* is distinguishable. In that case concerning a grand jury subpoena, the D.C. Circuit drew certain lessons about the deliberative process privilege from the FOIA context, but expressly disclaimed that the portion of its discussion containing Plaintiff's language would be applicable to a FOIA case. 121 F.3d at 737-38 & n.5 ("The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need," including to "shed light on government

5

misconduct," but "[t]his characteristic of the deliberative process privilege is not an issue in FOIA cases because the courts have held that the particular purpose for which a FOIA plaintiff seeks information is not relevant in determining whether FOIA requires disclosure."). Other courts in this circuit have found a similar dearth of binding authority for this proposition. *See, e.g.*, *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, No. 15-cv-2088-CRC, 2017 WL 3822733, at *2 (D.D.C. Aug. 21, 2017) ("[T]he D.C. Circuit has never held that government misconduct can abrogate the deliberative process privilege in a FOIA case . . . ."); *Neighborhood Assistance Corp. of Am. v. U.S. Dep't of Hous. & Urban Dev.*, 19 F. Supp. 3d 1, 13 (D.D.C. 2013) (considering *In re Sealed Case* language on misconduct to be "dicta" and stating that "other than these general observations, our Court of Appeals has never squarely applied the exception").

The parties do not point to any other circuits where the law is clearer, but district courts in this circuit have found that a government misconduct exception could apply in a FOIA case. *See, e.g.*, *U.S. Dep't of Commerce*, No. 15-cv-2088-CRC, 2017 WL 3822733, at *2 (collecting FOIA cases and finding that any such exception did not apply to documents withheld there); *Nat'l Whistleblower Ctr.*, 903 F. Supp. 2d at 67 (finding that government misconduct exception could be invoked in FOIA cases but did not apply to documents withheld there). *But see Judicial Watch, Inc. v. U.S. Dep't of State*, 241 F. Supp. 3d 174, 182-83 (D.D.C. 2017) (finding that *In re Sealed Case*, "the only applicable Circuit authority[,] militates against recognizing a government misconduct exception in a FOIA case"), *amended on reconsideration on other grounds*, Civ. Action No. 14-1511 (ABJ), 2017 WL 4862108 (D.D.C. Oct. 24, 2017).

District courts in this circuit that have considered whether to apply the government misconduct exception have often found that a plaintiff must meet a high bar to properly invoke it. *See, e.g.*, *Hall & Assocs. v. U.S. Envtl. Prot. Agency*, 14 F. Supp. 3d 1, 9 (D.D.C. 2014) ("While

there is little case law to guide the Court on what quantum of evidence must be shown to support the [government misconduct] exception, courts have recognized the need to apply the exception narrowly . . . ."). Some D.C. Circuit support for a narrow exception can be derived from non-FOIA contexts. *See Neighborhood Assistance Corp. of Am.*, 19 F. Supp. 3d at 13 ("[O]ur Circuit has observed—again in dicta—that the word 'misconduct' implies 'nefarious motives.'" (quoting *In re Subpoena Served on the Office of the Comptroller of the Currency*, 145 F.3d 1422, 1425 n.2 (D.C. Cir. 1998))); *id.* at 20-21 (citing *Hinckley v. United States*, 140 F.3d 277, 285 (D.C. Cir. 1998) ("The deliberative process privilege would soon be meaningless, if all someone seeking information otherwise protected under the privilege had to establish is that there was disagreement within the governmental entity at some point in the decisionmaking process."). The relevant consideration for "extreme government wrongdoing" sufficient to trigger the exception is the egregiousness of the contents of the discussion, not the egregiousness of the underlying conduct that the discussion concerns. *See* Def.'s Combined Reply in Supp. of Its Renewed Mot. for Summ. J. and Opp'n to Pl.'s Cross-Mot. for Summ. J., ECF No. 30, at 3-4 (quoting *ICM Registry, LLC v. U.S. Dep't of Commerce*, 538 F. Supp. 2d 130, 133 (D.D.C. 2008)). "In the rare cases that have actually applied the exception, the 'policy discussions' sought to be protected with the deliberative process privilege were so out of bounds that merely discussing them was evidence of a serious breach of the responsibilities of representative government," i.e., "[t]he very discussion . . . was an act of government misconduct." *ICM Registry, LLC*, 538 F. Supp. 2d at 133; *see also id.* (citing *Alexander v. FBI*, 186 F.R.D. 154, 164 (D.D.C. 1999); *Tax Reform Research Grp. v. IRS*, 419 F. Supp. 415, 426 (D.D.C. 1976)).

Assuming arguendo, for purposes of the discussion in this case, that the government misconduct exception applies to FOIA cases, the Court shall consider whether any misconduct

7

alleged by Plaintiff satisfies the high standard for the exception. The specific misconduct alleged by Plaintiff is "the use of unauthorized electronic devices, such as iPads and BlackBerrys, for government business by former Secretary of State Hillary Clinton." Pl.'s Mem. at 1.[2] At the threshold, the Court observes that the focus of Plaintiff's FOIA request is information that would support its claim of allegedly egregious underlying conduct, as opposed to a focus on the contents of the discussions and whether those discussions reflect evidence of a serious breach of responsibility by government officials. In other words, Plaintiff's allegation does not concern any allegedly egregious discussion that Defendant withholds, but rather allegedly egregious underlying conduct. Plaintiff's effort to avail itself of the government misconduct exception accordingly is suspect under the case law discussed above.

Turning to the documents themselves, the Court finds that Defendant's Exemption 5 withholdings can be helpfully described in at least five, often-overlapping categories: (1) discussion of technology options available to the Secretary and her senior staff; (2) discussion of these senior officials' technology preferences; (3) discussion of security risk levels associated with certain technology options in light of senior officials' preferences; (4) discussion of recommendations to senior officials by other staff to address security concerns; and (5) discussion of the actions of senior officials and other staff. Interspersed amongst these categories are withholdings that reference the role of specific people or entities in these discussions.[3]

---

[2] The reference to "BlackBerrys" in Plaintiff's current formulation of the allegation does not appear in Plaintiff's FOIA request. *See* Def.'s Statement Under LCvR 7(h)(1), ECF No. 25-3, at 1 ("the use of an iPad or iPhone for official government business" and "the use of unauthorized electronic devices for official government business"); Pl.'s Resp. to Def.'s Statement of Material Facts Not in Dispute and Pl.'s Statement of Undisputed Material Facts in Supp. of Cross-Mot. for Summ. J., ECF No. 28, at 1. But this discrepancy is not material to the Court's decision.

[3] As illustrated by portions of the documents that Defendant did release, some of the withholdings are duplicative, so the number of unique withholdings is even more limited than the thirteen documents would otherwise suggest. Furthermore, the Court has not considered Document

The Court has not found any discussion that satisfies a narrow interpretation of a government misconduct exception. These documents show that agency leadership apparently sought to use personal electronic devices in ways that were not customary within the agency. In turn, agency staff engaged in discussions of the leadership's preferences and the efforts to accommodate those preferences. While staff had to resolve some disagreements in the process, these discussions do not evince "nefarious motives" or warrant a finding of "extreme government wrongdoing."

Plaintiff essentially asks the Court to make, or rely on, a determination that the Secretary's conduct constituted wrongdoing. *See* Pl.'s Reply in Supp. of Cross-Mot. for Summ. J., ECF No. 32, at 1-3. But it is unnecessary to decide that issue because the discussions themselves do not rise to the level so as to trigger the exception, regardless of the lawfulness, or propriety, of the underlying conduct. *See Nat'l Whistleblower Ctr.*, 903 F. Supp. 2d at 69 ("The Court . . . makes no determination as to the ultimate question of the lawfulness of Defendant's actions; it merely finds that the misconduct necessary to supersede the deliberative-process privilege of Exemption 5 is not present in the reviewed documents.").

The Court concludes that the government misconduct exception does not apply to the material withheld by Defendant pursuant to FOIA Exemption 5. Accordingly, Plaintiff is not entitled to judgment as a matter of law.

---

C05891126, as Defendant does not assert any Exemption 5 withholdings with respect to that document.

### B. Supplemental Search

The Court also shall consider whether to grant Plaintiff's request to compel Defendant to search the additional emails allegedly recovered by the FBI in October 2016. *See* Order at 3; Pl.'s Mem. at 9-10. However, subsequent developments may have mooted this request in full or in part.

The Court indicated in its Order that its determination would turn on Defendant's control over these documents at the time of Plaintiff's FOIA request, *see* Order at 3-4, because FOIA covers "only records the agency controls at the time of the request." *Judicial Watch, Inc. v. Fed. Hous. Fin. Agency*, 646 F.3d 924, 926 (D.C. Cir. 2011) (citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144-45 (1989)). Defendant responded to this Court's Order by providing a declaration from Eric F. Stein, Director of the Office of Information Programs and Services of the U.S. Department of State, that addresses the four-factor test that this Court must consider in assessing agency control. *See* Third Decl. of Eric F. Stein, ECF No. 35-1 ("Stein Decl."), at 3 (citing *Burka v. Dep't of Health & Human Servs.*, 87 F.3d 508, 515 (D.C. Cir. 1996)).

The declaration also indicates that Defendant has received the October 2016 collection of emails from the FBI, "agreed to process any non-duplicative agency records" contained therein, and "[b]y December 31, 2017, expect[ed] to have completed its review of this collection and intend[ed] to post to its website all nonexempt agency records regardless of any particular case." Stein Decl. at 2-3. Assuming that Defendant did search and post these documents by December 31, 2017, and there were *no* exempt agency records, that would seem to obviate the need for further proceedings in this case. But in the event that Defendant withheld, in full or in part, some of the documents under one or more FOIA exemptions, then perhaps Plaintiff also would seek disclosure of those materials as part of this case or other pending cases. The Court requires additional information from the parties in order to determine whether its further intervention is necessary.

Accordingly, Defendant shall file an affidavit indicating whether Defendant has in fact "completed its review of [the October 2016] collection" of emails, "post[ed] to its website all nonexempt agency records" from among the October 2016 collection of emails, and withheld any agency records from among the October 2016 collection of emails pursuant to any FOIA exemptions. Defendant also shall identify any other FOIA request and/or litigation pursuant to which Defendant conducted the review and posting described above. *See, e.g.*, Min. Order, *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 1:15-cv-00684-BAH (D.D.C. Jan. 2, 2018) (directing further proceedings in FOIA litigation after search of Secretary Clinton emails delivered to U.S. Department of State by FBI); Joint Status Report, *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 1:15-cv-00684-BAH (D.D.C. Dec. 29, 2017) (informing that court's January 2, 2018, minute order).

Upon the filing of Defendant's affidavit, Plaintiff shall file a notice indicating whether Defendant's activities described therein resolve the issue of Plaintiff's request for a supplemental search in this case. Plaintiff also shall indicate whether, in its view, Defendant should be compelled to disclose, pursuant to this FOIA request and as part of this case, any material that Defendant has withheld from the October 2016 collection of emails. Plaintiff shall distinguish, as necessary, proceedings in any other FOIA request and/or litigation (e.g., *Judicial Watch, Inc. v. U.S. Dep't of State*, No. 1:15-cv-00684-BAH (D.D.C.)) that may render further proceedings in this case to be duplicative.

### III. CONCLUSION

Previously, the Court granted Plaintiff's [29] Motion for Summary Judgment solely to the extent that it sought *in camera* review. Order at 3. For all of the foregoing reasons, upon review

*in camera* of the documents submitted under seal and *ex parte* by Defendant, the Court now **DENIES** in full Plaintiff's [29] Motion for Summary Judgment.

Defendant shall file an affidavit addressing the topics set forth in Part II.B. of this Memorandum Opinion by **January 25, 2018**. Thereafter, Plaintiff shall file a notice addressing the topics set forth in Part II.B. of this Memorandum Opinion by **February 8, 2018**.

An appropriate Order accompanies this Memorandum Opinion.

Dated: January 11, 2018

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge